Commerce v. The City of San Jose. Good morning, Your Honors. George Rios appearing on behalf of the City of San Jose as well as the San Jose Elections Commission. I would like to reserve five minutes for rebuttal if I could. There are two distinct areas of law that we strongly believe require that the judgment of the district court be reversed in this case. And I'll go through each one of them separately. The first is with regard to the Younger Abstention Doctrine. The elements of the Younger Abstention Doctrine are as follows. Absent extraordinary circumstances, abstention in favor of state proceedings is required if the state proceedings are ongoing, implicate important state interests, and provide the plaintiff with an adequate opportunity to litigate the federal claims. The Ninth Circuit in Greene and later on in Gilbertson, which clarified Greene in part, has actually added a fourth element, and that is that the federal relief sought would interfere in some manner with the state litigation. Each of the elements were satisfied here. I had a question in terms of your position with respect to Younger on the types of proceedings. What are the characteristics? Now, surely you're not arguing any state proceeding or any community proceeding automatically triggers Younger, obviously. But what are the characteristics of the proceeding? And I know one argument is if there's review later in the Superior Court, and I understand that argument. But are you saying if there was no review in the Superior Court here, this proceeding, I think you're saying, would qualify for Younger abstention in light of the fact that the fine hasn't been paid and there are ongoing proceedings? Correct. So what are the benchmarks of a state proceeding that would qualify for Younger abstention? It has to be a quasi-judicial enforcement proceeding, which is precisely what we had here, a quasi-judicial enforcement proceeding. So if a zoning ordinance? If it was a legislative proceeding, it would not qualify. Right. But if someone went into a hearing in the zoning board for a violation of zoning requirements and a fine were levied? If it were a hearing before what we have is an appeals hearing board where they are noticed of a violation, asked to come in and present evidence as to why they're not in violation, the city presents evidence as to why they are in violation, that would be a quasi-judicial administrative proceeding. And would qualify. And would qualify. Correct. If a Federal action were filed during that. Correct. At that point, before your board, the constitutional issue wouldn't come up. Well, it may come up. And in fact, it did come up here in this proceeding. There's no one there on that board that can make a determination, enforceable determination. That's the role of the California courts. Correct. So what is the appeal from the board, the hearing board, to get into the California courts where the constitutional issue can come up? It's a petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5 at SEC. And under petitions for mandate in the Federal side, they're very limited. Mandamus is a very difficult process for an appellate court to grant. And I'm not familiar enough with the California system to know whether or not it's the same situation. You see, what I have in mind is they have to get to the challenge of the First Amendment. So how can we be assured that that doorway is open? There's no question. They do not contest, in fact, they do not contest the fact that there was available judicial review, nor do they contest the fact that they could have raised their constitutional claims in the judicial review. I think Judge Wallace's question, or at least my question, is whether a party has, can obtain a writ of mandate procedure more or less as a matter of course. That is, you file your papers in time and pay your money and that there's, it's not an extraordinary proceeding that's discretionary with the court to take it. That's, I think, what he's asking. That's absolutely correct. You, as a matter of course, you file a petition for writ of mandate and there are... And the court must hear it. And the court must hear it. If you're timely. And I think we have some cases that say that that procedure qualifies. So the mandamus is an administrative mandamus, not an extraordinarily writ. That's correct. It's an administrative mandamus, which is the method of appeal. Correct. Absolutely. And there's no question that they could have raised their constitutional claims. Now, one of the issues that are necessary is whether or not this is an ongoing proceeding. I understand your argument that the first element of the penalty was telling the world these folks are bad. Then number two is to be a fine. And the time of the writing of the briefs, the fine hadn't been secured, as I understand it, because you are unable to get the records to determine the amount of the fine. The number of violations and the amount of the fine. Correct, Your Honor. Does that make it sufficiently ongoing or do we have to consider whether or not the appellate process should be involved in determining the ongoing issue? Yeah. Two points in that regard. I think it's sufficiently ongoing. The fact of the matter is that the proceeding had not yet completed, and consequently, that administrative process was ongoing. But I'd also like to point out the case of Meredith v. Oregon, a case decided by the Ninth Circuit at 321 Fed Third 807. In that case, the Court specifically held, and I'll quote to the Court, that a younger opportunity to present constitutional claims is available either before the final administrative order or after. So there was ongoing state proceedings, even if the administrative process had ended, if there was the availability of judicial review. The circuits are divided on this issue, correct? I don't know that they're divided on this issue. They cited to no authority to the In addition, I'd point out the Supreme Court case. So for ongoing, we consider not only the waiting for the fine, but also the appellate process. It could continue afterwards? That's all mixed up in the ongoing issue? Correct. I'm a little bit puzzled when you say it's a settled matter. I thought it might have been, but some circuits have taken the position that the appellate process is a settled issue. I don't know that it's settled across the country. You seem to be making a broad statement that it's a settled issue, and I don't think that it is. Well, I don't recall any cases that they have cited to the contrary. Let me put it that way. I think I recall a Sixth Circuit case and a couple of other cases, maybe in a Second Circuit case, that said the fact that an appeal will lie doesn't make this a completed proceeding. But I do believe that it was resolved by the United States Supreme Court in the Ohio Civil Rights Commission v. Daytona Christian Schools case, where the Court said something very similar to what was stated by the Ninth Circuit in Meredith. Well, there's a First Circuit case. It doesn't matter, but just for your own edification, there's a First Circuit case, a Seventh Circuit case, a Third Circuit case, an Eighth Circuit case that go one way, and then there's a Sixth Circuit case, a Second Circuit case, and a Fifth Circuit that go the other way. So we aren't exactly uniform in our courts and appeals. I guess we're not. But in the Ninth Circuit, we do have the Meredith decision, as well as the Supreme Court case, as I've cited, the Ohio Civil Rights Commission case, the Daytona case. And that's the case. Well, we didn't join the majority in the Nevada emigrants' industry, but that was the case. We have your point. Now, with regard to the fourth element, and that is interference with the State Court, actually, I think we just – well, let me just mention very briefly, with regard to the fourth element, which is interference with the State proceeding, they seem to indicate that they had to seek injunctive relief of the State administrative proceeding in order for it to qualify as interference. Well, that isn't the law in California. It isn't the law actually pursuant to the Supreme Court either. Gilbertson decided that it wasn't necessary that you actually seek injunctive relief. And in any event, if you take a look at their complaint, throughout their complaint, they sought injunctive relief even of the administrative proceeding, the Elections Commission proceeding. In fact, the judgment enjoins the Election Commission from further enforcement of the provision that was found invalid. Sotomayor, which I assume means that no fine has yet been levied because you're enjoined from finding out how much to levy. That's correct. Now, I'd like to next get to the second area of law, and that has to do with the validity of our ordinance. Now, the first question is, what is the appropriate standard of review? We believe that the district court erred in finding strict scrutiny was the appropriate standard of review. The Supreme Court and the Ninth Circuit law is clear that with regard to jurisdiction, that does not apply. And there is a lessened standard of review. Be closely drawn to match a sufficiently important government interest. And I could cite countless cases, the Buckley case, the California Medical Association case, Nixon, McConnell. In the Ninth Circuit, there's Jacobus and Citizens for Clean Government that was decided just last year. And even the Lincoln Club case, the case upon which the appellees rely upon very heavily, the court stated in that case that it did not apply, that the strict scrutiny did not apply to contribution limitations in and of itself. It was the fact that with regard to the Irvine ordinance, excuse me, with regard to the Irvine ordinance, they, in fact, prohibited and criminalized any independent expenditure that is made by a political action committee if they accept any contribution above the 320 per election cycle amount there, which amounted to $160 per year. That was the reason why the court found strict scrutiny. It was because there was this expenditure limitation. This expenditure limitation we do not have here. The San Jose ordinance does not contain any such expenditure limitation. Consequently, the strict scrutiny standard simply does not apply. They make a second argument in that regard, and that is that because they didn't, they claimed they could not understand what was in need of their opposition to a city of San Jose candidate, they couldn't make any additional expenditures. Well, that simply doesn't have any credibility. There are some things like the flyers that they sent out and the phone calls that they made with regard to a specific candidate for mayor that were clearly in need of, in that case, in opposition to a candidate. There are some things that clearly are not in need of or opposition to a candidate. For example, using funds for ballot measures, holding a debate, sending a newsletter, identifying issues. What if there's a mayoral election and something goes out that talks about an issue in the mayoral election but doesn't specifically identify a candidate but takes a position that is consistent with one of the candidates but not the other? I don't believe that that would be. Of course, that's not the circumstance we have here. Of course it isn't. But I don't believe that it would be in need of a raw position to a candidate. Who would determine that? Who would determine that? How would that be determined? What are the guidelines to determine whether that would be embraced under the statute? If somebody were to file a complaint, it would go before a finder of facts. And what are the standards that that finder would use? The totality of the circumstances. One would look at the totality of the circumstances and they would have, the city would have to prove beyond a reasonable doubt. There's no way of knowing before, so what you're saying is everything has to be done on a regular basis so no one in any of the marginal areas would know in advance whether or not they're running the risk of violating the statute if they proceed. Well, they could find out in advance if they chose to. There is a mechanism that provides for their seeking an opinion by the city attorney. And if they seek it. Well, not necessarily. In this particular case, they decided on a plan that they were going to have back in January of 06 for flyers that were ultimately sent in May of 06. But shouldn't the statutory guidelines, especially here, advise people of what they can and can't do before they have to go get an opinion from a board or anyone else? But I do think that with regard to contribution limitations, the law is very clear that even with regard to this kind of language, McConnell says that this kind of language is okay with regard to contribution limitations. I mean, the court specifically found at footnote 64 that the words promote, oppose, attack, and support clearly set forth the confines within which potential party speakers must act in order to avoid triggering the provision. The words provide explicit standards for those who apply them and give the person of ordinary intelligence a reasonable opportunity to know what is prohibited. So I believe that has been decided. These kinds of words with regard to contribution limitations are sufficiently definite to let people know what it is that they can or can't do. But it only applies to certain elections. And the question of clarity would be, do they know, for example, if a mailing is going out, as was the case here, when it's going to be construed as advocacy, I think it was mayoral and city council or whatever, and if it just asserts a position that may be at issue in one of those elections, how does the person of ordinary intelligence know whether or not if they accept higher contributions that's going to run afoul of the law? If all it is is a flyer with regard to an issue, then they would not be in need of a raw position to a candidate. It wouldn't clearly identify a candidate. Yeah, I mean, bottom line is... Could it be done contextually the way a libel or slander can be? In other words, it's kind of common law standard that if a person is identifiable, even though not named, defamation can occur. And similarly, if you had only one candidate who, let's say, wanted to see NAFTA repealed and everybody else loved NAFTA, and so a flyer that dealt with that one issue and that one candidate, and only one candidate had that view, wouldn't the public identify it with that person, potentially, and make it very difficult to decide whether they were going to run afoul of this ordinance? Well, I don't think that in most situations there will be difficulty. The fact that there may be some vagueness in the ordinance doesn't make it unconstitutionally vague, and that's even true with regard to criminal statutes. San Jose's ordinance is not a criminal statute. I think the terms, as we know from McConnell, are sufficiently they tell a person sufficiently what they can and can't do. It can't be a native or opposition to a city of San Jose candidate. Now, am I into my rebuttal time, or ...? You are, and you may save it if you'd like. I would like to save it if I could. Thank you. Good morning, Your Honors. Jim Sutton, who, along with Gabe Camarillo, represents San Jose's Silicon Valley Chamber of Commerce Political Action Committee, known as COMPAC. I'd like to just start briefly by answering any questions you may have about abstention and giving our position, but hope to spend more time talking about the First and Fourteenth Amendment. Well, I can understand why that's your desire, but I, just speaking for myself, I have some difficulty getting past the younger abstention issue. And I would appreciate your discussing why you think we are not obliged to abstain. Of course. I'd like to direct the Court to a decision that came out from this circuit since briefing was done in the case, the Amerisource Bergen case. Perhaps the most important holding of that case is it made it, the Court made very clear that all four legal rules for younger abstention had to be met before a federal court should abstain, that it wasn't looking kind of... So what are those four? That's my issue. I don't have any quarrel with what you say in theory about the requirement that all four be met. What's not met here in your view? Let's go to the first one about whether the proceeding is ongoing. And certainly it is not. The elections court in San Jose... They said you violated it and we're going to impose two sanctions, one is stop doing it and the other one is we haven't yet figured out, but you're going to get a fine. This is like a criminal case before sentence has been imposed. It's not final. Well, first of all, the core decision was made in that the elections board said Compact violated the law. Okay. And the jury says Joe Smith is guilty and now it's up to the judge to finalize the sentence. It's still not done. And I think the best response to that is to remember the context, which is the First Amendment. When the elections board met the... The context of finality is the context of is a decision completed. It doesn't matter what kind of decision it is. The question is, is the body that is charged with making the decision finished doing its work, whether it's good, bad, constitutional or unconstitutional, is it finished doing its work? And I don't understand how you can say that the agency, the board here, was finished doing its work. Let me explain why the First Amendment context is important. When the commission met for the third time in June and said they're going to levy a fine, but they couldn't figure it out, they set absolutely no time to hold another hearing where they would levy the fine. They said that they wanted to wait and see the campaign disclosure reports the compact would file. So in other words, they might levy a fine in August. They might levy a fine in September. They might not levy a fine for a year waiting for the year-end reports. But why is that any different than a district judge who says, you know, I know it's taking some time to get this pre-sentence report together, and I'm not going to, you know, sentence you until I get all the information I need. So can you file an appeal right then because the judge is slow in sentencing? It's relevant because of the First Amendment context. Because what that means is that if you were to say that we could not file in federal court, then you are depriving compact of the right to have its First Amendment rights vindicated because a local board is delaying. And what, if anything, did you do to require or attempt to require that that decision be made promptly? Not that it be challenged in federal court, but what did you do in the administrative proceeding itself or in state court to ensure that the decision was completed in a prompt manner? Honestly, nothing, because the elections board simply said they were going to wait for compact to file its reports. The reports would have been filed at the end of July and again at the end of the year, and they gave kind of no indication of when that would be. And there's nothing in the record to say that you asked or raised these arguments to them about why it was important for them to do their best to figure it out now. Correct. Correct. And if we can move on then maybe to the next element, which I think is also important. Well, wait, wait, wait, before we move on to that, a corollary to what Judge Graber has been asking. We noted earlier there's a split in terms of whether the proceeding is ongoing as to whether or not in determining that you also include the appellate, available appellate proceedings, which here would have been 1094, which as counsel has pointed out, there would have been a right to do. And if there is a split, it seems to me that it's a fairly logical position to take the position once the proceeding has started, there will be a ruling, and then if you are aggrieved, whoever is aggrieved, they can go on up to the superior court. Why should this circuit not side on the side of the circuits that have found that you combine those and that's all one ongoing proceeding, just like if you're in on a normal civil case, part of the case is going up on appeal if it's going to go up. Two responses. The first is in the cases that talked about a unified kind of appellate process were mostly state bar cases where the appeal was automatically to the Supreme Court as a matter of the statutory law. What you have with the campaign finance scheme in California is simply after the elections were ruled, there's availability of going to state court or going to federal court to have that review. As in the appellate situation, if mandate was, if the court had discretion to take the mandate proceeding or not, then I agree with you that would not be coming into context. But here as counsel pointed out, once you file that mandate under 1094, the proceeding, the court will have to deal with it. You will get a ruling. And so I'm not sure I see that the fact that in the state bar cases it automatically goes to a particular court. Here it still automatically would go to a particular court if you wished to challenge it. I think the other responses are, first of all, if you take that argument to its logical extreme, then you are basically shutting 1983 plaintiffs with First Amendment claims out of the federal courts. You would agree with me when the statute passed, you could have challenged right then. Because it would have impacted your ability to collect, et cetera. When the law was first created, yes. Prior to the time you did the acts or prior to the time the mailings went out or anything else, the federal action could have been brought. I mean, that's clear. The question is, if you decide to wait until a state proceeding is initiated, that's the issue. You had opportunities where younger would be irrelevant. We also had absolutely no reason to believe that the city would ever take the action that it did against this type of political speech, which is other issues that hopefully we'll get to later. I think the other important point, first of all, I don't think there's an exhaustion of remedies type of concept in abstention. I don't think federal courts have ever said that potential 1983 plaintiffs have to go to state court, have to go all the way through. They didn't have to go. In other words, if you let it pass, that's your option. The point is it's got to get through all of that, and the Court abstains while that's still pending. And if you look at all the other cases, the federal court action was brought in the midst of a state court proceeding. Judge Graber, your recent decision in Baffert, there was a very similar to the facts here, there was an administrative agency, kind of a subcommittee that made a ruling. Then the rules allowed the plaintiff, the petitioner, to appeal to the full board. He brought his federal court action as that appeal was pending. That, of course, is very different than what Compact did here. The proceedings were over. Now, there was one little decision that was not made. Remember, the elections board said the law was violated, we're going to do this type of enforcement, a letter of reprimand, we're going to do another type of enforcement, a fine. The only thing that was outstanding was the amount of the fine. That's very different. Wait, wait, wait. Go ahead. Sorry. Go ahead. No, go ahead. I'll come in later. No, I will defer abstention. You indicated that the problem is that you can't get to the federal court on a First Amendment, but you can get the state court and they read the Constitution. That's the idea of the younger abstention. I just wonder, I understand your argument about how the fine may not be that much of an ongoing, but I think we have to decide for the circuit now for the first time of whether the unitary appellate process also is considered. And now, so far, there's been seven circuits that have held on that. Four say it's unitary, so you have to wait and go through the appellate process. Three have said no, they agree with you. At one time, we decided the city of Henderson case in which we went with the majority, but then withdrew the opinion, so we're halfway there and then came back out. I suppose if we agree with you on the fine part, then we're going to have to take this unitary issue, and it is an extremely close one, as indicated by the circuit split. Why shouldn't we agree with former Chief Justice Rehnquist that it's all unitary? Why should we say that the appellate process is not part of the ongoing issue? Again, I repeat my point of because then you would basically be writing into the abstention doctrine what I call an exhaustion of state remedies requirement. And even though certain courts, including Judge Graber and her Baffert decision, have talked about that possibility, I don't think that abstention, which is the exception, not the rule. I don't think the abstention doctrine was meant to require that. And it is relevant. The context here is relevant. Every single case cited by both Compact or the city about these important First Amendment and 14th Amendment issues, all of them are federal court cases. Do I understand the position you're taking is it doesn't matter to your position whether we consider it unitary or not because there has to be an exception for First Amendment? That is, that we would write an exception into the exception of the younger saying, okay, accept First Amendment? Well, as you certainly know, when you read through the abstention cases, there's a certain feeling that they're kind of all over the map and that I believe, looking at the cases, that the underlying facts of the original State proceeding oftentimes dictate the result. So I think when the underlying facts are a potential violation of the First Amendment rights of political speech, that it is you don't have Federal courts abstaining when it relates to those issues, which are so clearly Federal law issues. So if I understand your position, anytime it's First Amendment political rights, automatically younger does not apply? I wouldn't go that far. I wouldn't go that far. How far would you go? And what is your best case for your position? Well, I think that it really goes to one of the other four elements of younger, which is not met in this case, and that is, is there a unique State interest? Before you go to your second point, would you answer my question? What is your best case for the position you just asserted? That is, when there's a First Amendment political right, younger does not apply. The only response I have, frankly, is not based in any ruling of a court, but simply the observation that all of these cases are Federal court cases. So an abstention has come up in several of them, and the Federal courts have not abstained, I think acknowledging whether it is an acknowledgment that you shouldn't have to go through a State court system before litigating a 1983 First Amendment claim, or simply because they're kind of fundamental. I don't think you can separate it from the next standard of younger, which is a unique State interest. It is not as the base of younger as Federalism. Right. It is a sharing of the duty. That was kind of where I was going to be asking you, too. The whole point of this is comity in the Federal system, and also there's an idea of, along with that, of saving judicial resources in a sense, too, because it's possible that you might win on the merits in the State system. It's not a given that just because it's going to go through State court, the city is going to continue to win on the merits. Right. And, in fact, just as a matter of historic interest, Mr. Baffert, of course, was vindicated in the State proceeding without ever even having to go into court on that administrative appeal. So just as a practical matter, I don't know why younger wouldn't be just as applicable in this context as in any other. Well, I think it's, as I mentioned earlier, courts have talked about when it is your First Amendment rights that you are attempting to vindicate, and where, as in here, a city is placing, of course, in our opinion, unreasonable limitations on core political speech, to require a plaintiff to exhaust the State remedies and go all the way through State court could further the First Amendment violation that's at issue in the case. Yes, you're right. Well, you said something a minute ago that confused me. In response to a question as to whether you were saying that anytime it's a First Amendment right, younger does not apply. You said you wouldn't go that far. How far do you go? I frankly maybe would go that far in terms of the next prong of younger, which I would like to talk about, which is unique State interest, and this concept that it's not appropriate for the Federal courts to interfere with an issue that, as they say, is better left to a State court because there's something unique about it. But, see, that assumes the answer. The State or local interest is the interest in governing its own local elections, which is an important State or local interest. And the question whether they've done so in an improper manner is the question you raise, but don't they clearly have a huge interest in making sure that State and local elections are properly managed and dealt with? Isn't that just a classic example? I agree with that characterization of the unique State interest requirement. I think it goes more to is there something unique about the underlying proceedings? And I go back to your decision in the Baffert case, which was ‑‑ For example, the California Supreme Court has recently concluded that the local interest, the State's interest in the fairness of its political process, even trumps sovereign tribal immunity, which has existed for 200 years and was pretty much under every decision absolute. And that has been determined that the interest of the State in protecting the propriety and fairness of elections even trump that. So I'm having trouble with your saying that because there may be a First Amendment issue here, that was as big a constitutional issue as you can get. Let me just finish. So that this interest is somehow lessened because it's a First Amendment issue? No, I think the case is the Ohio elections mission case where the circuit court overturned the decision to abstain, really rejecting, Judge Graber, your argument that elections are always kind of a matter of State concern. The question is more is there something unique about the underlying proceeding? Again, horse racing board. Not every State has horse racing. The States that do have horse racing are going to interpret the requirements for trainers licensing differently. But when the underlying issue is core political speech, that issue applies the same if it's a San Jose City election, if it's a State of Nevada gubernatorial election, or if it's a presidential election. And it is, again, not ñ I do not believe that that prong of younger is met just because it's about elections. That would kind of write that entire prong out of the younger requirements. So what is a core First Amendment right that trumps And what's the authority identifying core issues? The Ohio elections commission case. Can I just finish? Right. The authority for your separation of core issues in terms of, for example, if it was a judicial proceeding had been initiated instead of going through the more traditional younger abstentions on a State judicial proceeding. So if there was a State judicial proceeding in which the First Amendment was coming up, you would say that the younger abstention doesn't apply. It's the Ohio elections commission case which drew the distinction between, again, issues that are particular to that particular State. So therefore, before a federal court is going to make a ruling, the federal court needs to let the State decide because it's unique to that State. There's nothing unique about the speech that Compact did. It's the same type of speech that, again, people do across the nation. And I go back to an original point. Every single case cited by the city or cited by Compact, of course, are federal court cases. They're not State court cases. So it's not enough that you're challenging, in your view, it wouldn't preclude younger abstention just because you're challenging the constitutionality of an enactment, right? It has to be on First Amendment grounds. That's the fourth point of younger, is that we That's a question. I didn't ask it like a question, but is that, in fact, your position, that if your challenge to an enactment is on First Amendment grounds, then younger doesn't apply? I would phrase it differently. If the challenge is to the constitutionality of the underlying law analyzed by the State administrative proceeding, then the fourth element of younger is not met, as opposed to But why? Just because it's a challenge to the act as a whole? Because the goal is not to interfere with the proceeding, unlike the petitioner in the Baffert case that said the administrative board Yeah, but in younger, wasn't the challenge to the constitutionality of a statute? I mean, in the underlying younger case itself? Well, I'm just going to America source v. Bergen. I know. This is a Supreme Court case, so it kind of matters how we analyze it. The question is about does the Federal court action interfere with the State court proceeding? And, of course, compact action did not interfere with the State court proceeding at all because it wasn't challenging the State or the State, the local administrative proceeding. It was merely challenging the underlying constitutionality. Well, I know that. That's why I'm asking you the question. Didn't younger do the same thing? And I'm not familiar enough with the facts of younger. Let me just say that it appears to me that both younger and a number of other cases apply younger abstention to situations in which the challenge is to the constitutionality of the legislation in question and not to the procedures and not to the as applied. And I guess my only response to that could be, as my time runs out, is the America source case. That really requires this Court to look at all four prongs of younger abstention and not do what other courts have done, perhaps the courts you're talking about, which have kind of maybe waffled on one of the four prongs but nevertheless decided to abstain. Here, if you find that any of the four prongs of younger abstention are not met, and we would, of course, argue that none of them have been met, then it would not be appropriate for the Court to abstain. Thank you, counsel. I'm aware that we didn't let you get to the second half, but we know we have read all of your briefs and we, I think, understand your arguments on that as well. I sort of feel like a cat at a Doberman convention. Well, you did a very good job. You're here to answer our questions, and that's what you did. And that's fine. If I could take just a few more minutes on the ‑‑ Younger itself, as Justice Graber points out, specifically involved a challenge to the statute that the younger defendant in the State court was being prosecuted for, and that was a statute that was called ‑‑ it was California's criminal syndicalism law that specifically involved a number of direct regulations about the spoken word, what could be said for particular purposes. So Younger in federal court said, well, wait a minute, this law is unconstitutional based on my right to speak and say certain things. And the Court said, well, as we know, Younger ultimately said you're being criminally ‑‑ I think counsel has gone further than that. I think what counsel is saying is that the core is further than the First Amendment speech, but the political right, that is, the base of our whole country is democratic elections. And if I understand his argument, what he's saying is that if that's interfered with, then it's an institutional concern, and that therefore it's not where it happened, but what is happening. It's interfering with the democratic process. And he would carve out then an exception to Younger under that situation. What's your response to that? Well, of course it's an exception that currently doesn't exist, and there is no support for that exception that I'm aware of. He says that there is no case under these circumstances that has found abstention. Well, that's no federal case that has found abstention, and that's not correct. There is the Chamber of Commerce of the United States of America versus Ohio Elections Commission case, which was actually a Younger abstention case under very similar circumstances to the situation we have here, where the federal court, it was a federal district court case at 135 Fedsup 2nd, 857, specifically found that Younger abstention applied and abstained. Well, but we're going to write a new case here for the Ninth Circuit. And I think the problem is, as he states it, and you respond to this, please, is that under the circumstance, if the city took, say, years to get the fine out and then you have the process of appeal, that during that period of time, if they are right on the merits, the electoral process, the democratic core value is being interfered with, and so therefore an exception should be ruled out. Now, aside from other cases, no one has decided this one yet, aside from other cases, what's wrong with that approach? Well, they could have gone into state court and filed a petition for writ of mandate and sought a stay in state court as well and had the state court process. What's wrong with carving out an exception? Well, why limit it to political speech? I mean, why is political speech more important than other kinds of speech? I mean, the fact of the matter is that we have a First Amendment and we have a right to speak. In this particular case, because it's a contribution limitation situation that we're dealing with where the Supreme Court has stated that the effect on speech is actually pretty minimal under the circumstances, I would say that this is less of a reason than it was in Younger where they were stopping somebody or criminally prosecuting for something that somebody specifically said. And that was a criminal case. This is not a criminal case. Counsel, your time has expired. Thank you very much. Thank you very much. We appreciate the arguments of both counsel. It's been a very, very helpful argument, a very interesting argument, and we appreciate how well prepared and thoughtful you both were in this case. The case just argued is submitted. We'll take about a five-minute recess, and we'll come back and chat with whoever would like to chat.
judges: Wallace, Graber, Schiavelli